UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHNSON, | No. 2:22-cv-0613 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| LT. J. MATA, et al., | |
| Defendants. | |

      Plaintiff is a federal prisoner, currently incarcerated at the United States Penitentiary in Beaumont, Texas, and proceeds pro se with an action brought pursuant to <u>Bivens v. Six Unknown Named Fed. Narcotics Agents</u>, 403 U.S. 388 (1971). Plaintiff paid the court's filing fee. (ECF No. 11.) In his amended complaint, plaintiff alleges that on August 11, 2020, defendant Mata and other unidentified defendants used excessive force on plaintiff in violation of his Fifth and Eighth Amendment rights. (ECF No. 14.) On June 27, 2022, plaintiff filed a motion for reconsideration of the June 15, 2022 order denying appointment of counsel. As discussed below, plaintiff's motion for reconsideration is granted but, upon reconsideration, plaintiff's motion for appointment of counsel is denied without prejudice.

<u>Reconsideration</u>

      As noted by plaintiff, the June 15, 2022 order incorrectly stated plaintiff was a state prisoner proceeding with a civil rights complaint under 42 U.S.C. § 1983, and plaintiff

provided additional facts in support of his motion for the appointment of counsel. Therefore, plaintiff's motion for reconsideration is granted, and the June 15, 2022 order is vacated. The court next addresses plaintiff's motion for appointment of counsel anew, in connection with plaintiff's additional arguments set forth in his June 27, 2022 motion.

Motion for Appointment of Counsel

Plaintiff's initial motion was based on his inability to hire an attorney. (ECF No. 44.) In the instant motion, plaintiff states there have been five murders in the last twelve months at USP Beaumont. In addition, there have been gang wars, a shortage of prison officials, and assaults. As a result, the prison is on constant lockdown. Plaintiff states he does not have access to the law library or cases, which is why plaintiff needs counsel.

"There is no absolute right to counsel in civil proceedings." See Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989). See also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) ("There is no constitutional right to appointed counsel in a § 1983 action.") (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).)

Districts courts have discretion pursuant to 28 U.S.C. § 1915(e)(1) to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." See Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004); Rand, 113 F.3d at 1525. However, a finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)); see also Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such

////

1 as lack of legal education and limited law library access, do not establish exceptional
2 circumstances that warrant a request for voluntary assistance of counsel.

3       The undersigned observes that any pro se litigant "would be better served with the
4 assistance of counsel." Rand, 113 F.3d at 1525 (citing Wilborn, 789 F.2d at 1331). However, so
5 long as a person proceeding without counsel is able to "articulate his claims against the relative
6 complexity of the matter," the "exceptional circumstances" which might require the appointment
7 of counsel do not exist. Rand, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C.
8 § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner
9 "may well have fared better" with the assistance of counsel.).

10       Here, plaintiff's amended complaint demonstrates his ability to articulate essential facts
11 supporting his claim. (ECF No. 14.) Plaintiff had an adequate understanding of the relevant facts
12 and the relatively straightforward legal issues involved in asserting an excessive force claim. See
13 Terrell, 935 F.2d at 1017. Indeed, his allegations were sufficient to survive the initial screening
14 required under 28 U.S.C. § 1915A. (ECF No. 17.) Following the filing of defendants'
15 dispositive motion, plaintiff filed a timely opposition. (ECF Nos. 34, 37.)

16       As to the likelihood of plaintiff's success on the merits, it is premature to evaluate the
17 merits of plaintiff's claims at this time because defendant Mata filed a motion for summary
18 judgment based on plaintiff's alleged failure to first exhaust his administrative remedies prior to
19 filing this action. Indeed, the previously-assigned judge found that "it is not obvious whether
20 plaintiff has failed to exhaust his administrative remedies or whether they were rendered
21 effectively unavailable by prison staff." (ECF No. 39 at 6.)

22       Thus, the undersigned finds that plaintiff fails to satisfy the stringent standards required
23 for appointment of counsel, and denies his motion without prejudice to renewal.

24 No Current Deadline

25       At this time, no filing is required of plaintiff. Rather, defendant's motion is fully-briefed.
26 Therefore, no action is required by plaintiff until the court rules on the pending motion. That
27 ////
28 ////

said, if plaintiff is faced with a court deadline and his prison is on lockdown,[1] he may seek an extension of time to comply with the deadline.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 47) is granted;
2. The June 15, 2022 order (ECF No. 46) is vacated; and
3. Plaintiff's motion for appointment of counsel (ECF No. 44) is denied without prejudice.

Dated:  July 1, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/john0613.rec

---

[1] Although plaintiff claims that BOP Beaumont is under "constant lockdown," he provided no document from the prison substantiating the duration or frequency of such lockdowns.  Moreover, it is unclear whether BOP Beaumont provides emergency library services to inmates in lockdown or other alternative means of accessing legal reference materials, such as through paging.