UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHNSON, | No. 2:22-cv-0613 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| LT. J. MATA, et al., | |
| Defendants. | |

Plaintiff, a federal inmate formerly housed at the Federal Correctional Institution in Herlong, California ("FCI Herlong"), filed this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Defendant Mata moved for an order dismissing the case based on venue, or in the alternative, summary judgment based on plaintiff's alleged failure to exhaust administrative remedies, and argued Mata is entitled to qualified immunity. (ECF No. 34.) As discussed below, defendant's motion is denied without prejudice.

Plaintiff initially filed this action in the Central District of California. (ECF No. 1.) On April 5, 2022, the Central District Court found that venue was proper in the Eastern District of California, transferred the action, and stayed defendant's motion pending transfer. (ECF No. 39.) Because the prior court addressed the issue of venue, only that portion of defendant's motion concerning exhaustion and qualified immunity remains unresolved.

1

Because defendant presented documents outside of the pleadings, the court construes the motion on exhaustion grounds as a motion for summary judgment. Fed. R. Civ. P. 12(d) (if matters outside the pleadings are considered by the court, the motion must be construed as one for summary judgment). Moreover, if defendant moves for summary judgment, defendant must contemporaneously serve with the motion, but in a separate document, a copy of the attached *Rand* Notice. *See Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). Defendant included a "*Rand* Notice," but the notice was included within the motion, not as a separate document. (ECF No. 34 at 2-3.) Such notice does not comply with *Rand*. *See* 154 F.3d at 960 ("If the movant provides the notice, it must be in a separate form that the plaintiff will recognize as given pursuant to the court's requirement. It may not be provided within the summary judgment motion or in the papers ordinarily filed in support of the motion.").

Accordingly, IT IS HEREBY ORDERED that defendant's motion (ECF No. 34) is denied, without prejudice to curing the *Rand* notice and renewal within twenty-one days from the date of this order.

DATED: October 18, 2022.

CHIEF UNITED STATES DISTRICT JUDGE

2

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims.[1] To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[1] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of specific facts regarding the exhaustion of administrative remedies. See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Albino v. Baca, 747 F.3d 1162 (9th Cir. April 3, 2014).