UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHNSON, | No. 2:22-cv-0613 KJM KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| LT. J. MATA, et al., | |
| Defendants. | |

Plaintiff, a federal inmate formerly housed at the Federal Correctional Institution in Herlong, California ("FCI Herlong"), filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Defendant Mata's motion to dismiss or, in the alternative, for summary judgment, is before the court. As discussed below, defendant Mata's motion to dismiss should be granted.

Plaintiff's Operative Pleading

This action proceeds on plaintiff's amended complaint in which he raises two claims based on an incident that took place on August 11, 2020: (1) an excessive force claim under the Eighth Amendment; and (2) a Fifth Amendment "due process of law" and "equal protection of law" claim. (ECF No. 14 at 5, 9.) In support, plaintiff alleges the following facts.

On August 11, 2020, plaintiff, an "administration detention inmate," was housed with a "protective custody inmate" named Cain ("Cain"). (ECF No. 14 at 5-6.) Cain requested to be

1

moved from plaintiff's cell to a cell with another protective custody inmate because Cain feared a personal assault. (ECF No. 14 at 5-6.) Cain blocked the window of the cell door and told Bureau of Prisons ("BOP") staff that he would not remove the blockage until he was moved to a different cell. Id. The "tactical use of force team" was called. Id. Defendant Mata ordered plaintiff to come to the cell door, strip down to his boxers, submit to the handcuffs, and then walk to the back of the cell and face the wall. Plaintiff complied. Defendant Mata gave a similar order to Cain, who also complied.

While both plaintiff and Cain were handcuffed, facing the rear of the cell, defendant Mata ordered the "strike force team" to pepper spray both inmates and closed the door. After fifteen seconds, the door opened again, and both cellmates were pepper sprayed for a second time. The door was closed again, and when it opened for a third time, the force team entered the cell and dragged Cain out of the cell. Plaintiff remained on his hands and knees for "15-20 minutes" while he experienced burning from the pepper spray all over his body. Id. The force team "used [their] hands" on plaintiff's arms and shoulder with extreme force, pushing him down. Id. The team members then picked plaintiff up by the handcuffs, with his full body weight supported by the steel cuffs. Plaintiff heard his left shoulder pop and immediately felt "extreme severe pain." Id. Plaintiff began to "black-out" from the pain. Id.

Plaintiff alleges that defendant Mata ordered the force team to use force that was not necessary, given that plaintiff fully complied with defendant Mata's orders. Plaintiff notes that prison staff filmed the incident with a handheld camera, and that the footage will confirm his allegations. Plaintiff names Lt. Mullins and Officer Miranda as witnesses to the incident.

Plaintiff alleges that BOP medical records will show that, as a result of this incident, he suffers permanent nerve damage and weakness in his left shoulder. (ECF No. 14 at 7.) Plaintiff also suffered breathing problems and chemical burns on his "butt, back, arms, face, [and] chest" that lasted for several months after the incident. Id. Plaintiff still suffers from spasms and pain in his shoulder. Plaintiff seeks money damages. (ECF No. 14 at 9.)

////

////

Background

Plaintiff was housed at FCI Herlong from November 7, 2019, until November 16, 2020. (ECF No. 34-3 at 2, 9.)  From November 16, 2020, until April 30, 2021, plaintiff was temporarily housed at the Federal Correctional Complex in Victorville, California, until he was transported to the United States Penitentiary in Beaumont, Texas, where he arrived on May 6, 2021, and is currently housed.  (Id.)

Plaintiff initially filed this action in the Central District of California.  (ECF No. 1.)  On April 5, 2022, the Central District Court found that venue was proper in the Eastern District of California, transferred the action, and stayed defendant's dispositive motion pending transfer. (ECF No. 39.)  On October 19, 2022, the district court denied defendant's dispositive motion without prejudice to renewal.  (ECF No. 52.)

On November 9, 2022, defendant Mata renewed his motion to dismiss or, in the alternative, motion for summary judgment, now claiming that plaintiff's Fifth and Eighth Amendment claims present new Bivens contexts not recognized by the Supreme Court, and renewing Mata's claims that plaintiff failed to exhaust administrative remedies, and defendant Mata is entitled to qualified immunity.  (ECF No. 53.)  Plaintiff filed an opposition.  (ECF No. 58.)  Defendant did not file a reply.

On November 14, 2022, plaintiff filed a request that the court subpoena documents from the BOP.  (ECF No. 54.)  Defendant opposed the request.  (ECF No. 57.)

Legal Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In considering such a motion, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly,

3

550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotes and citation omitted), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).  Otherwise, the motion is treated as one for summary judgment. Lee, 250 F.3d at 688.  There are exceptions for material which is properly submitted as part of the complaint and "matters of public record" which may be judicially noticed.  Id. at 688-89.  "If the documents are not physically attached to the complaint, they may be considered if the documents' 'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them." Id. at 688 (quoting Parrino v. FHD, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Discussion

Plaintiff's allegations against defendant Mata and the tactical team members are concerning.  However, this court must first determine whether plaintiff may bring his claims under Bivens or later Supreme Court precedent.  In his opposition, plaintiff did not address this issue, focusing instead on the issue of exhaustion and the merits of his claims.  (ECF No. 58.)

Plaintiffs may bring claims under 42 U.S.C. § 1983 against state and local actors, but section 1983 does not apply to federal actors, and there is no parallel statute governing constitutional violations by federal actors. Ziglar v. Abbasi, 137 S. Ct. 1843, 1854 (2017). Nonetheless, the Supreme Court has implied a damages remedy under the Constitution itself, but in only three contexts. Id. at 1854-55 (citing Bivens, 403 U.S. at 396-97 (Fourth Amendment claim against federal agents who arrested the plaintiff and searched his home without a warrant); Carlson v. Green, 446 U.S. 14, 19 (1980) (Eighth Amendment cruel and unusual punishment claim for federal officers' failure to provide adequate medical treatment); Davis v. Passman, 442 U.S. 228, 248-49 (1979) (Fifth Amendment violation of Due Process Clause based on gender discrimination by a congressman)). Recently, the Supreme Court further restricted Bivens claims by rejecting a Fourth Amendment claim based on facts closely resembling those in Bivens. Egbert v. Boule, 142 S. Ct. 1793 (2022) ("Our cases instruct that, absent utmost deference to Congress' preeminent authority in this area, the courts 'arrogat[e] legislative power.'" (quoting Hernández v. Mesa, 140 S. Ct. 735, 741 (2020))).

In Egbert, the Court refused to extend Bivens to a Fourth Amendment excessive force claim and a First Amendment retaliation claim against a U.S. Border Patrol agent "[b]ecause our cases have made clear that, in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts." Egbert, 142 S. Ct. at 1797, 1800. To determine whether a Bivens claim was permitted, the Supreme Court used a two-step test: (1) "whether the case presents a new Bivens context, -- i.e., is it meaningfully different from the three cases in which the [Supreme] Court has implied a damages action;" and (2) "if a claim arises in a new context, a Bivens remedy is unavailable if there are special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." Id. at 1803 (quoting Ziglar, 137 S. Ct. 1858-60) (internal quotation marks omitted). But the Court also noted that such steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." Egbert, 142 S. Ct. at 1803.

////

     Not long ago, the Ninth Circuit stated that after Egbert, "[t]he question is no longer whether the Judiciary is well suited," to weigh the costs and benefits of allowing a damages action to proceed, as stated by Ziglar, 137 S. Ct. at 1857-58, "but whether Congress is better suited." Mejia v. Miller, 2022 WL 16911857, at *4 (9th Cir. Nov. 14, 2022). "[R]eading the Egbert opinion as a whole, it conveys a heightened restriction on Bivens." Mejia, at *5.

     In Mejia, the Ninth Circuit addressed an excessive force claim brought against a Bureau of Land Management ("BLM") officer who was attempting an arrest. Id. The court found that Mejia could not bring a Bivens claim for the reasons that, *inter alia*, the case presented a new context because the BLM officer was operating under a different legal mandate from other federal agencies; no Supreme Court case has recognized a Bivens excessive force claim against a BLM officer; permitting "Fourth Amendment excessive force claims against BLM officers would have '"systemwide" consequences' for BLM's mandate to maintain order on federal lands;" and alternative remedies existed, i.e. Mejia could report the alleged misconduct through the BLM's complaint process. Mejia, 2022 WL 16911857, at *5.

     The undersigned now turns to the allegations raised herein.

     Context (Step One)

     In the instant action, all of plaintiff's claims arise in new contexts. Plaintiff's vague references to due process and equal protection under the Fifth Amendment are based solely on prison conditions and his excessive force allegations, neither of which raise allegations similar to the Fifth Amendment claim raised in Davis, an employment discrimination case.[1] See, e.g., Cantu v. Moody, 933 F.3d 414, 422 (5th Cir. 2019) (explaining that Davis, 442 U.S. 228, does not hold that "the entirety of the Fifth Amendment's Due Process Clause is fair game in a Bivens action"). And, although plaintiff's excessive force claims arise under the Eighth Amendment, the Eighth Amendment claim in Carlson arose in the context of a medical deliberate indifference claim. "A claim may arise in a new context even if it based on the same constitutional provision

---

[1] Indeed, as argued by defendant, plaintiff set forth no specific facts demonstrating he was treated differently from any other inmate based on sex, race, or national origin, or supporting any putative Fifth Amendment claim.

as a claim in a case in which a damages remedy was previously recognized," Hernández, 140 S. Ct. 736, 743 (2020), because "even a modest extension is still an extension," Ziglar, 137 S. Ct. at 1864; Hoffman v. Preston, 2022 WL 6685254 (9th Cir. Oct. 11, 2022) (rejecting Eighth Amendment claims alleging failure to protect by federal correctional officer because Congress had not authorized a damages remedy in that context). In Carlson, the prisoner alleged that federal prison staff "kept him in an inadequate medical facility, gave him the wrong treatments, and failed to provide competent medical attention for hours after an asthma attack." Hoffman, 2022 WL 2022 WL 6685254 at *1, (citing Carlson, 446 U.S. at 16 n.1). Here, plaintiff alleges that federal correctional officers used excessive force before and after forcibly removing plaintiff's cellmate from plaintiff's cell. Such allegations present a new context because the facts are meaningfully different from those raised in Carlson, and no Supreme Court case has recognized a Bivens excessive force claim against federal correctional officers. See Silva v. United States, 45 F.4th 1134, 1136 (10th Cir. 2022) (rejecting Bivens claim based on allegations of excessive force in federal prison in violation of the Eighth Amendment). The fact that Carlson involved the Eighth Amendment and Davis involved the Fifth Amendment is not enough to show that plaintiff's claims under the Fifth and Eighth Amendments do not arise in a new context.

Because the Supreme Court has not extended a Bivens remedy to the facts presented in plaintiff's complaint, plaintiff's claims present a new context under Bivens and the court turns next to the second step.

Special Factors (Step Two)

"If there is even a single 'reason to pause before applying Bivens in a new context,' a court may not recognize a Bivens remedy." Egbert, 142 S. Ct. at 1803 (quoting Hernández, 140 S. Ct. at 743); Hoffman, 2022 WL 6685254 at *1 (finding Egbert precluded recognizing a Bivens remedy where Hoffman alleged that "a prison correctional officer intentionally created the risk that another prisoner would assault Hoffman by publicly labeling him as a snitch and offering prisoners rewards" because "Congress has not authorized a damages remedy in this context, and there are rational reasons . . . why it might not, for example, the existence of the Bureau of Prisons' formal review process for inmate complaints.") (internal citation and punctuation

omitted).  Applying Egbert to plaintiff's excessive force allegations, the undersigned is persuaded that plaintiff cannot pursue such claims under Bivens.  In this case, the government has provided an alternative remedy for plaintiff's claims.  The BOP Administrative Remedy Program qualifies as an alternative remedy, as decided long ago by the Supreme Court.  See Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 74 (2001) ("Inmates in respondent's position also have full access to remedial mechanisms established by the BOP, including . . . grievances filed through the BOP's Administrative Remedy Program.")  Therefore, the court should not extend Bivens to plaintiff's excessive force allegations.

### Conclusion

Plaintiff's allegations arise in a new context and therefore may not be asserted under Bivens.  In addition, special factors counsel against recognizing a new Bivens claim in this context because plaintiff has an alternate remedy under the BOP grievance system.  Thus, plaintiff's complaint must be dismissed.

Defendant's Alternative Grounds

In light of the recommendation above, the undersigned declines to reach defendant's alternative arguments.

Leave to Amend

The undersigned has considered whether plaintiff should be granted another opportunity to amend.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (while leave to amend shall be freely given, "futile amendments should not be permitted.").  Plaintiff provides no facts or arguments that show he could amend his complaint to state a viable Bivens claim, and he has been provided one opportunity to amend his complaint.  Because the identified deficiencies cannot be cured in the context of plaintiff's excessive force allegations, it would be futile to grant plaintiff leave to amend.

Motion for Subpoena

In light of the above recommendation, plaintiff's request for a subpoena is denied as moot.

  Accordingly, IT IS HEREBY ORDERED that plaintiff's request for a subpoena (ECF No. 54) is denied.

  Further, IT IS RECOMMENDED that:

  1. Defendant Mata's motion to dismiss (ECF No. 53) be granted;

  2. This case be dismissed with prejudice.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 9, 2022

KENDALL J. NEWMAN<br>
UNITED STATES MAGISTRATE JUDGE

/john0613.Bivens.mtd

9