UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHNSON, | No. 2:22-cv-00613 KJM KJN P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| LT. J. MATA, et al., | |
| Defendants. | |

Plaintiff Michael Johnson ("Johnson"), a federal inmate formerly housed at the Federal Correctional Institution in Herlong, California ("FCI Herlong")[1] and proceeding pro se, filed this civil rights action seeking relief under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 9, 2022, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Neither party filed objections to the findings and recommendations.

/////

---

[1] Johnson is currently located at Residential Reentry Management Nashville ("RRM Nashville") and set for release on September 19, 2023.

1

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . .").

First, this court adopts the magistrate judge's findings and recommendations as to Johnson's Fifth Amendment claim.

Second, the court declines to adopt the magistrate judge's recommendation to dismiss Johnson's Eighth Amendment claim without leave to amend. Johnson filed his original complaint on March 26, 2021, *see* ECF No. 1, and a First Amended Complaint on August 3, 2021, *see* ECF No. 14. But the law regarding *Bivens* claims changed following the Supreme Court's decision in *Egbert v. Boule*, 142 S. Ct. 1793 (2022). The two-part test for these claims, decided in *Ziglar v. Abbasi*, 582 U.S. 120, 136-40 (2017), still stands, but now boils down to "whether there is any reason to think that Congress might be better equipped to create a damages remedy," *see Egbert*, 142 S. Ct. at 1803. Defendant Mata addresses *Egbert* in his motion to dismiss, ECF No. 53. But Johnson fails to address the impact of *Egbert* in any subsequent replies. Thus, Johnson's first amended complaint fails to state a claim upon which relief can be granted.

Under step one of *Ziglar*, Johnson's complaint indicates deliberate indifference to medical need when defendants used excessive force in spraying him multiple times with pepper spray while he was barely clothed, causing burns on his body, and in lifting him up by the handcuffs, causing permanent shoulder damage. *See* First. Am. Compl. at 5–8, ECF No. 14. As pled, the court does not have enough information to determine if these allegations fit the *Carlson v. Green*, 446 U.S. 14 (1980), standard for deliberate indifference to medical needs. While the court agrees with the magistrate judge that the Supreme Court has not yet affirmatively recognized a claim for excessive force under *Carlson*, F & R at 6–7, ECF No. 60, this alone does not preclude plaintiff's claim, dependent on whether plaintiff can argue facts related to medical need.

/////

The court also declines to adopt the magistrate judge's comparison of this case to the Ninth Circuit's recent holding in *Mejia v. Miller*, 53 F.4th 501, 506 (9th Cir. 2022), *rev'd*, 61 F.4th 663 (9th Cir. 2023). *Mejia* involved a Fourth Amendment excessive force claim. Here, Johnson suffered medical harm in a Bureau of Prisons ("BOP") setting in possible violation of his Eighth Amendment rights, which should be analyzed under the *Carlson* standard for *Bivens* claims.

Under step two of *Ziglar*, the magistrate judge indicated the BOP's administrative remedies process provided Johnson with a remedy, and this process counted as a special factor preventing the court from offering Johnson another remedy. *See* F & R at 8. But the record is unclear on whether Johnson's grievances were processed. *See* Compl. at 2, ECF No. 1 ("I filed the BP8 (228) then I filed the B9 (229) sensitively with the Western Regional Office. They never responded. It has been (as of today) 198 days and no response."). Further, in Johnson's November 28, 2022 filing opposing defendant's summary judgment motion, he attaches letters discussing his grievance filings. Mot. Opp'n Sum. J. at 9-11, ECF No. 58. But it is unclear if his grievance was processed and rejected on September 30, 2020 or if it was sent back for a procedural failing. *Id.* at 11. The BOP remedy program could count as a special factor under the *Ziglar* test if Johnson had "full access to remedial mechanisms established by the BOP." *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001). The record is lacking on this issue. While Johnson's Eighth Amendment claim, as currently pled, is insufficient, an amended pleading could state a viable *Bivens* claim.

Any amended pleading needs to take account of the *Ziglar* test under the narrowed guidance of *Egbert*, examining (1) whether Johnson's Eighth Amendment claim presents a new context different than the three recognized cases—*Bivens*, *Davis v. Passman*, 442 U.S. 228 (1979) (establishing a Fifth Amendment cause of action for an employment discrimination case) and *Carlson* (establishing an Eighth Amendment deliberate indifference to medical need claim); and (2) whether there were any special factors, particularly the processing of alternative administrative remedies, available to Johnson through the BOP or any other program.

/////

In sum, this court rejects the magistrate judge's recommendation denying the motion to dismiss without leave to amend and instead grants Johnson another opportunity to amend his complaint.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed December 9, 2022, are **adopted** as to the Fifth Amendment claim and **adopted in part** as to the Eighth Amendment claim;

2. Defendant Mata's motion to dismiss, ECF No. 53, is **granted without leave to amend** as to the Fifth Amendment claim and **is granted with leave to amend** as to the Eighth Amendment claim; and

3. The court by separate order will **appoint counsel** to help plaintiff in drafting an amended complaint addressing the impact of *Egbert* on Johnson's Eighth Amendment claim.

DATED:  April 10, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE